————o————

## No. 5854.

## L. E. JUNG vs. MRS. WID. WILLIAM SPILMANN.

### Syllabus.

1. Under Section 4 of Act 157 of 1912—the pleadings and practice act—the plaintiff may by rule submit to the Court his right to a judgment on the face of the petition and answer.

2. While the wife may not bind herself to become surety for her husband while living, she is at liberty to assume and pay his debts after his death. The fear of marital influence lies at the root of the prohibition; *ratione cessante cessat lex.*

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 103,069. Hon. Porter Parker, Judge.

Delvaille H. Theard, for plaintiff and appellee.

Feitel & Feitel, for defendant and appellant.

His Honor, HORACE L. DUFOUR, rendered the opinion and decree of the Court as follows:

This case arises under Act No. 157 of 1912, to regulate pleading and practice in civil causes and is on a note executed by the defendant in 1912, and annexed to a petition duly sworn to as required by the act.

The answer admitted the allegations of the petition to be true, but averred that the note was without consideration because it was given by defendant in payment of a debt due to plaintiff by her husband who died in 1908.

— 277 —

Whereupon, plaintiff took a rule under Sec. 4 of the act on defendant to show cause why judgment should not be rendered in his favor on the allegations of the petition and the admissions of the answer.

Judgment was so rendered and correctly, we think.

The answer admits that the obligation was given by the wife after her husband's death; while the wife may not bind herself to becoming surety for her husband while living, she is at liberty to assume and pay his debts after his death.

The fear of marital influence lies at the root of the prohibition; ratione cessante cessat lex.

4 An., 488; 7 An., 649; 47 An., 1058.

The rule granted in this case and on which judgment was rendered was intended by the statute to expedite proceedings and allow a summary result when on the face of the papers the defense is without merit.

Judgment affirmed.

Opinion and decree, June 2nd, 1913.